IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| MARSHALL BRYON PAULTON, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | NO. 4:10-CV-145-A |
| | § | |
| HYDRARIG/NOV, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendant, National Oilwell Varco Hydra Rig,[1] for summary judgment as to all claims and causes of action brought against it by plaintiff, Marshall Bryon Paulton. Plaintiff filed nothing in response to the motion. Having now considered the motion, the summary judgment record, and applicable legal authorities, the court concludes that the motion should be granted.

I.

Plaintiff's Claims

Plaintiff initiated this action on March 1, 2010, by the filing of a pro se complaint asserting claims against defendant

---

[1] Plaintiff named defendant as "HydraRig/NOV." The court will use defendant's correct name.

for racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.[2]

## II.

## The Motion for Summary Judgment

Defendant contends that it is entitled to summary judgment on plaintiff's claims of discrimination and retaliation because plaintiff is unable to establish a prima facie case as to any of his claims, he is unable to show that defendant's reasons for its actions are a pretext for unlawful discrimination, and he cannot demonstrate that defendant would not have terminated his employment "but for" any alleged protected activity.

## III.

## Undisputed Facts

The following facts are undisputed in the summary judgment record:

Plaintiff worked as an electrical technician for defendant from April 8, 2008, through June 20, 2008. Plaintiff obtained his position with defendant through a temporary employment agency called Aerotek. Plaintiff was interviewed for his position by

---

[2] The initial complaint by which plaintiff initiated this action contained the single line "Unlawful termination due to racial discrimination." The court twice ordered plaintiff to replead to include factual allegations sufficient to apprise defendant of plaintiff's claims against it. Plaintiff filed a first amended complaint on March 9, 2010, and a second amended complaint on April 20, 2010.

2

Donnie Petrash ("Petrash"). Despite plaintiff's lack of prior formal training in electrical work, Petrash recommended to his supervisor that plaintiff be offered a position with defendant, as Petrash occasionally hired individuals with little or no experience and then trained them to perform the work. Plaintiff was offered employment with defendant, which he accepted.

Petrash was plaintiff's crew chief during his employment. Petrash reported to Al Santo, manufacturing supervisor, who in turn reported to Larry Stanley ("Stanley"), manufacturing manager.

Despite defendant's attempts to train him, plaintiff performed poorly. For example, plaintiff incorrectly installed wiring and failed to complete his work in a timely manner. Petrash discussed plaintiff's performance issues with him on June 6, June 17, and June 18, 2008.

On June 19, 2008, Stanley, Santo, Petrash, and Marcy Johnson ("Johnson"), defendant's human resources manager, met with plaintiff and two representatives from Aerotek, Leigh Coursey ("Coursey") and Brandon Armstrong, to discuss plaintiff's employment. During the meeting, plaintiff expressed his mistrust of management, which he claimed had led him to begin taking notes about daily events at the work site, beginning shortly after he was first counseled for poor performance. After the meeting,

3

Coursey asked plaintiff if he wanted to finish his shift; however, Johnson suggested she and Coursey discuss that option before plaintiff returned to work. Plaintiff then stated he did not want to work the rest of the day, only to have someone sabotage his work and blame him for it. Due to plaintiff's apparent ongoing mistrust of management, along with his numerous performance problems, Stanley, after consulting with the Human Resources Department, terminated plaintiff's employment.

IV.

## Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record, and [] articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Simmons v. Lyons, 746 F.2d 265, 269 (5th Cir. 1984).

V.

Analysis

A. Evidentiary Framework

To evaluate claims of discrimination or retaliation under Title VII, absent direct evidence, the court looks to the evidentiary burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), as modified by Desert Palace, Inc.

5

v. Costa, 539 U.S. 90 (2003). See also Evans v. City of Houston, 246 F.3d 344, 349-50 (5th Cir. 2001). This framework, in turn, requires plaintiff first to make out a prima facie case. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

If plaintiff makes out a prima facie case, a presumption of discrimination or retaliation arises and the burden shifts to defendant to articulate a legitimate, non-discriminatory or non-retaliatory reason for its actions. Id. at 506-07. If defendant meets this burden of production, the plaintiff bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for intentional discrimination or retaliation. Id. at 507; Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 325 (5th Cir. 2002).

B. The Merits

Plaintiff has presented no direct evidence of discrimination, leading to the application of the burden-shifting framework.

Defendant argues that plaintiff is unable to establish a prima facie case of discrimination or retaliation, but even if he has done so, he has failed to offer competent summary judgment evidence to show that defendant's legitimate, non-discriminatory reason for his termination was a pretext for unlawful discrimination or retaliation. Although the court is inclined to

agree that plaintiff has failed to establish a prima facie case of either discrimination or retaliation, the court need not resolve that issue, as it is clear that plaintiff has adduced no summary judgment evidence of pretext.

Defendant's burden with regard to establishing a non-discriminatory or non-retaliatory reason for its actions is one of production; thus, "[i]f the employer produces any evidence 'which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action,' then the employer has satisfied its burden." Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995) (citing St. Mary's Honor Ctr. v. Hicks, 409 U.S. 502, 507 (1993)).

Here, the summary judgment evidence establishes that defendant terminated plaintiff's employment due to his poor performance. Poor work performance is a legitimate, non-discriminatory, non-retaliatory reason for an employee's termination. Mayberry v. Vought Aircraft Co., 55 F.3d 1086 (5th Cir. 1995); Perez, 307 F.3d at 325-36. Plaintiff has adduced nothing to dispute or rebut defendant's legitimate reason. Even if plaintiff disagreed with defendant's assessment of his performance--and the summary judgment record contains no such evidence--such is insufficient to show defendant's reasons are a pretext for discrimination or retaliation, or to show plaintiff

7

would not have been terminated "but for" any alleged protected activity. See Perez, 307 F.3d at 325-26; Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 684 (5th Cir. 2001). Absent any such evidence, plaintiff's subjective claims of discrimination or retaliation are insufficient to defeat summary judgment. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996).

VI.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff, Marshall Bryon Paulton, against defendant, National Oilwell Varco Hydra Rig, be, and are hereby, dismissed with prejudice.

SIGNED November 12, 2010.

JOHN McBRYDE
United States District Judge